UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL PRICE McCURLEY, | 1: 06 CV 00661 WMW HC |
| Petitioner, | MEMORANDUM OPINION AND ORDER RE RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 10] |
| JOHN MARSHAL, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to Title 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

**PROCEDURAL HISTORY**

Petitioner pled no contest in Fresno County Superior Court to kidnaping (Penal Code § 207(a)) and infliction of corporal injury on a spouse or cohabitant (Penal Code § 273.5(a)). Petitioner filed a direct appeal to the California Court of Appeal, Fifth Appellate District ("Court of Appeal").  Petitioner's attorney filed a brief asking the court to review the record for error pursuant

1  to People v. Wende, 25 Cal.3d 436 (1979).  Petitioner did not exercise his right to submit
2  supplemental briefing.  The Court of Appeal found that no reasonably arguable factual or legal issues
3  existed and affirmed the judgment.
4        Petitioner filed a petition for review in the California Supreme Court on March 7, 2005.  The
5  Supreme Court denied the petition on April 13, 2005, without comment.

## LEGAL STANDARD

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution.  In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

1  Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will
2  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or
3  involved an unreasonable application of, clearly established Federal law, as determined by the
4  Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable
5  determination of the facts in light of the evidence presented in the State Court proceeding." 28
6  U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth
7  Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120
8  S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court
9  concludes in its independent judgment that the relevant state-court decision applied clearly
10 established federal law erroneously or incorrectly."  Lockyer, at 1174 (citations omitted).  "Rather,
11 that application must be objectively unreasonable."  Id. (citations omitted).

12     While habeas corpus relief is an important instrument to assure that individuals are
13 constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983);
14 Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal
15 conviction is the primary method for a petitioner to challenge that conviction.  Brecht v.
16 Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual
17 determinations must be presumed correct, and the federal court must accept all factual findings made
18 by the state court unless the petitioner can rebut "the presumption of correctness by clear and
19 convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769
20 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380,
21 1388 (9th Cir. 1997).

**DISCUSSION**

23     Respondent moves to dismiss the present petition for writ of habeas corpus on the ground
24 that

25     A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
26 petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).  The
27 exhaustion doctrine is based on comity to the state court and gives the state court the initial
28 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501

1 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198,
2 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

3    A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
4 full and fair opportunity to consider each claim before presenting it to the federal court. Picard v.
5 Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
6 1996). A federal court will find that the highest state court was given a full and fair opportunity to
7 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
8 basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v.
9 Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner
10 must have specifically told the state court that he was raising a federal constitutional claim. Duncan,
11 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

12    In the present case, Petitioner pursued a direct appeal, but filed only a Wende brief, which
13 necessarily means that he raised no issues. Petitioner filed a petition for review with the California
14 Supreme Court, but pursuant to Rule 28(c)(1) of the California Rules of Court, the California
15 Supreme Court will generally not consider any issue that could have been but was not timely raised
16 in briefs filed with the Court of Appeal. Therefore, although Respondent has informed the court that
17 he is unable to obtain a copy of Petitioner's petition filed with the California Supreme Court, it
18 appears extremely unlikely that the court would have considered any issue not raised before the
19 Court of Appeal. Accordingly, the court must conclude that Petitioner's claims are unexhausted.

20    Under the AEDPA, exhaustion can be waived by the respondent. 28 U.S.C. § 2254(b)(C).
21 The court can also excuse exhaustion if "(I) there is an absence of available State corrective process;
22 or (ii) circumstances exist that render such a process ineffective to protect the rights of the
23 application." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived exhaustion. In
24 addition, California provides avenues for Petitioner to pursue state claims. For example, these
25 claims may be presented in a petition for writ of habeas corpus. See Cal. Penal Code §§ 1473 -
26 14758. Finally, there are not sufficient circumstances in this case for the court to ignore the United
27 States Supreme Court's admonishment that comity demands exhaustion and find that California's
28 corrective processes are ineffective to protect Petitioner's rights.

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss is GRANTED:

2) this petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner filing a properly exhausted petition;

3) the Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

Dated:   January 22, 2008                    /s/  William M. Wunderlich
                                             UNITED STATES MAGISTRATE JUDGE